

# Fourth Court of Appeals
## San Antonio, Texas

March 26, 2019

No. 04-18-00211-CV

Nancy L. **TANKERSLEY** and Charlie R. Tankersley,
Appellants

v.

**TRIPLE I. RANCHES, A TEXAS PARTNERSHIP**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 13940
Honorable Spencer W. Brown, Judge Presiding

# O R D E R

On October 16, 2018, we issued an order abating this appeal because appellants, Charlie R. Tankersley and Nancy L. Tankersley, were in bankruptcy. Appellee Triple I Ranches has now filed a motion to reinstate the appeal. A certified copy of an order dismissing the bankruptcy action, and thereby lifting the automatic stay, is attached to the motion. *See* TEX. R. APP. P. 8.3(a). In its motion to reinstate, appellee also asks that we "issue such notices or orders as are necessary requiring Appellants to appear and to show cause why their appeal should not be dismissed for Appellants' failure to prosecute the appeal." Appellee also asks that we "dismiss the appeal for want of prosecution."

After review, we **GRANT** the motion to reinstate and **ORDER** the appeal reinstated on the court's active docket. However, we **DENY** appellee's request that we either issue a show cause order or dismiss the appeal for want of prosecution. Until this court reinstated the appeal pursuant to this order, appellants could not prosecute the appeal due to the abatement order. When the appeal was abated, appellants' brief was due after we had granted their first motion for extension of time. Accordingly, we order appellants to file their brief in this court **on or before April 25, 2019**.

We **order** the clerk of this court to serve a copy of this order on appellants, who are pro se, and counsel for appellee.[1]

---

[1] According to appellees, one of the appellants, Charlie R. Tankersley, has passed away. If true, this does not affect the appeal. Rule 7.1(a)(1) provides that if a party to a civil case dies after the trial court renders judgment, but before the appeal is finally disposed, the appellate court shall proceed to adjudicate the appeal as if all parties were alive, the appellate court's judgment will have the same force and effect as if rendered when all parties were living, and the decedent's name may be used on all papers. See Tex. R. App. P. 7.1(a)(1).

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of March, 2019.



_____
KEITH E. HOTTLE,
Clerk of Court